IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

BOBBY CHARLES BATTLE,

  Plaintiff,

vs.                 CIVIL ACTION NO.: CV505-030

REBECCA LOWMAN; Ms. BREWER,
Nurse; Dr. FERRA and TONY
HOWERTON, Warden,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Dodge State Prison in Chester, Georgia, has filed a lawsuit pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while incarcerated at Ware State Prison in Waycross, Georgia. Defendants Brewer, Ferra, and Howerton ("Movants") have filed a Motion for Summary Judgment.[1] Plaintiff has filed a Response. For the following reasons, the Motion for Summary Judgment should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that Defendants were deliberately indifferent to his serious medical needs. Plaintiff alleges that Defendant Zennith Brewer, Defendant Gail Ferra, and Defendant Rebecca Lowman, medical personnel at Ware State Prison, denied him adequate treatment for his serious medical conditions. Plaintiff further alleges that

---

[1] It appears that Defendant Lowman does not join the Motion for Summary Judgment, but merely requests dismissal from the case based on a failure to perfect service. For reasons discussed herein, dismissal as to Defendant Lowman for lack of service is not appropriate. However, it appears Defendant Lowman would be entitled to summary judgment on the merits of Plaintiff's deliberate indifference claim were she to join in this motion.

AO 72A
(Rev. 8/82)

Defendant Tony Howerton, Warden at Ware State Prison, knew that prison officials were not providing adequate medical treatment and was deliberately indifferent to that fact.

Movants generally allege that they were not deliberately indifferent to Plaintiff's serious medical needs. Defendants Brewer and Ferra contend that they did conduct medical examinations of Plaintiff and took appropriate action in providing reasonable and competent medical treatment. Defendant Howerton contends that he was not subjectively aware of any wrongs of prison officials and was not deliberately indifferent to same. Defendant Lowman contends that Plaintiff failed to perfect service upon her and thus she should be dismissed from the case.[2]

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260

---

[2] Movants also allege that Plaintiff failed to diligently prosecute this case. Movants apparently base this conclusion upon the fact that Plaintiff did not conduct any discovery during the 140 day period for discovery granted by the Court. It appears from the record that the Plaintiff has cooperated fully with all discovery that has been initiated by Movants. There is no evidence that Plaintiff has failed to diligently pursue his case in any way.

2

(quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. <u>Williamson Oil Co., Inc. v. Philip Morris USA</u>, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. <u>Hickson</u>, 357 F.3d at 1260 (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. <u>Id.</u> In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. <u>Acevado v. First Nat'l Bank</u>, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

**I.     Deliberate Indifference Claim Against Defendants Brewer, Ferra, and Howerton**

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in <u>Estelle v. Gamble</u>, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976), is whether the prison officials exhibit a deliberate indifference to the serious medical needs of inmates. <u>Farmer v. Brennan</u>, 511 U.S. 825,

828, 114 S. Ct. 1970, 1974, 128 L. Ed.2d 820 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105, 97 S. Ct. at 291). Rather, "[a] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). A mere difference in medical opinion between medical personnel and the inmate as to the diagnosis or course of treatment is insufficient to support an Eighth Amendment claim. Harris, 941 F.2d at 1505.

Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill, 40 F.3d at 1186. The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992) (quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290). Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000). In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d at 1187. As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). It is legally insufficient to sustain a cause of action for deliberate

4

indifference to serious medical needs simply because the inmate did not receive the medical attention he deemed appropriate. Harris, 941 F.2d at 1505.

Plaintiff alleges that Movants acted with deliberate indifference to his known medical needs by failing to provide adequate medical care for chronic illnesses including ailments of the foot, back, and kidneys. Plaintiff asserts that he did cancel a sick call for September 5, 2003, but only because he was "intimidated by [D]efendant Rebecca Lowman's action of bad behavior [and] hostile attitude . . . ." (Pl.'s Br., p. 9). Plaintiff contends that Movants failed to conduct an adequate physical examination, failed to conduct appropriate medical tests, and failed to refer him to other health care providers. (Pl.'s Br., p. 11). Plaintiff further contends that Defendant Howerton failed to take corrective measures or disciplinary action against prison officials after officials failed to provide adequate treatment. (Pl.'s Br., p. 9-10). Plaintiff avers that this failure to correct was despite Defendant Howerton's knowledge of such conduct by way of Plaintiff having filed grievances on the matter. (Pl.'s Br., p. 10).

Movants' evidence demonstrates that Plaintiff was treated by medical personnel at Ware State Prison three (3) times in less than two (2) weeks in August of 2003 in reference to complaints regarding his back, kidneys, and foot. Plaintiff was given a nursing assessment by Defendant Lowman on August 7, 2003 and was referred by her to Defendant Ferra. (Defs.' Ex. E, p. 8). Plaintiff was diagnosed by Defendant Ferra with tenea pedis and was prescribed a topical anti-inflammatory cream for his foot and Tylenol for his back pain. (Defs.' Ex. C, p. 1, Defs.' Ex. E, p. 9). He was subsequently treated by Defendant Brewer, who advised Plaintiff to wash and dry the affected foot thoroughly and to increase his fluids. (Defs.' Ex. B, p. 1, Defs.' Ex. E, p. 7). Defendant Brewer also

AO 72A
(Rev. 8/82)

prescribed a topical antifungal cream for Plaintiff's foot and Ibuprofen for his pain. (Defs.' Ex. B, p. 1, Defs.' Ex. E, p. 7). Movants' evidence also shows that Plaintiff cancelled a medical appointment on September 5, 2003 that related to the same back, kidney, and foot problems. (Defs.' Ex. E, p. 6).

Plaintiff is unable to establish a genuine issue of material fact as to his deliberate indifference claim. Plaintiff has produced no evidence demonstrating that Movants intentionally refused to treat his medical needs or that Defendant Howerton was subjectively aware of such a refusal and was deliberately indifferent to such. Conversely, the documents Movants have submitted in support of their Motion reveal that Plaintiff was in fact treated several times for his medical condition while he was incarcerated at Ware State Prison. The Court is in no position to second-guess the judgment of the medical personnel who examined and evaluated Plaintiff. Medical personnel saw Plaintiff when he requested sick calls and made diagnoses and formulated treatment plans for Plaintiff's medical problems. At best, Plaintiff has revealed that a difference of opinion existed between him and medical personnel at Ware State Prison. However, this does not rise to the level of a constitutional violation. See Harris, 941 F.2d at 1505. In sum, Plaintiff has failed to show the existence of a genuine issue of material fact as to whether Movants were deliberately indifferent to his serious medical needs.

## II. Failure to Perfect Service Upon Defendant Lowman

Defendant Lowman contends that Plaintiff failed to ensure that service was perfected upon her, and that she should be dismissed from the case as a result. Plaintiff asserts that any delay in the service of Defendant Lowman is no fault of his own because,

AO 72A
(Rev. 8/82)

as a pro se Plaintiff proceeding *in forma pauperis*, it is the United States Marshals who are to perfect service upon Defendants.

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court may dismiss an action where service of the summons and complaint is not made upon a defendant within 120 days of the filing of the complaint. FED. R. CIV. P. 4(m). However, where a party is proceeding *in forma pauperis*, it is the "officers of the court" who are to issue and serve all process. 28 U.S.C. § 1915(c). Federal Rule of Civil Procedure 4(c)(2)(B)(i) specifies that "[a] summons and complaint shall, at the request of the party seeking service or such party's attorney, be served by a United States marshal . . . (i) on behalf of a party authorized to proceed in forma pauperis pursuant to Title 28, U.S.C. § 1915 . . . ." FED. R. CIV. P. 4(c)(2)(B)(I). The Eleventh Circuit has been clear that plaintiffs proceeding *in forma pauperis* are entitled to rely on United States Marshals to effect service, and that plaintiffs who are without fault should not be penalized for failures of service. Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990). On the other hand, although a litigant may rely on the United States Marshals, it is also clear that "a plaintiff may not remain silent and do nothing to effectuate such service." Id. (quoting Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987)). A plaintiff must at least request service upon the appropriate defendant and make attempts to remedy any defects in service of which he is aware. Id.

The evidence in this case shows that Plaintiff did not remain silent and that the failure to perfect service upon Defendant Lowman was no fault of his own. Plaintiff did specify Defendant Lowman in his initial complaint filed on April 20, 2005. On April 25, 2005, the Court issued an order granting Plaintiff's request to proceed *in forma pauperis* and ordering that service be made by the Untied States Marshal. It appears from the

7

documents submitted to this Court that service upon Defendants Ferra, Brewer, and Howerton was returned properly executed prior to the expiration of 120 days from the date the complaint was filed. It appears that service upon Defendant Lowman was returned unexecuted on August 10, 2005, due to the fact that Defendant Lowman was no longer at her previous address. On October 21, 2005, service was again mailed to Defendant Lowman at a forwarding address obtained by the United States Marshals' Service and such service was returned executed on November 4, 2005, albeit outside of the 120-day period from the time Plaintiff's complaint was filed. Plaintiff asserts that he received copies of all summonses and received no notice from the United States Marshals' Service that there was any problem regarding service.

Although Plaintiff might have been more diligent in inquiring about the status of service, it was not in any way unreasonable for him to rely on court officials and United States Marshals to effect service. Given the role of court officials and United States Marshals in *in forma pauperis* actions under 28 U.S.C. § 1915(c), the fact that Plaintiff was both incarcerated and unrepresented, and the fact that the delay in service was no fault of Plaintiff's, it seems that his reliance on the Marshals to execute service was entirely reasonable. Therefore, Defendant Lowman should not be dismissed from the case because of the delay in service on her.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion for Summary Judgment filed by Defendants Brewer, Ferra, and Howerton (Dkt. No. 26) be **GRANTED** and that the claim against Defendant Lowman remains pending at this time.

So **REPORTED AND RECOMMENDED**, this 23rd day of August, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)