# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

BOBBY CHARLES BATTLE,

    Plaintiff,

vs.

REBECCA LOWMAN,

    Defendant.

CIVIL ACTION NO.: CV505-030

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Dodge State Prison in Chester, Georgia, filed an action pursuant to 42 U.S.C. §1983 contesting certain conditions of his confinement while incarcerated at Ware State Prison in Waycross, Georgia. On February 16, 2007, Defendant Rebecca Lowman filed a Motion for Summary Judgment. (Doc. No. 54). The Clerk of Court mailed a Notice to Plaintiff, advising him that Defendant had filed a Motion for Summary Judgment and that a response was to be filed by March 11, 2007. (Doc. No. 56). This Notice further advised Plaintiff that:

1. If you do not timely respond to this motion for summary judgment, the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff has failed to file a Response to Defendant's Motion for Summary Judgment.

AO 72A
(Rev. 8/82)

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a

court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F.3d 1244, 1247 (11th Cir. 2004).

## STATEMENT OF THE CASE

In his Complaint, Plaintiff alleged that certain officials at Ware State Prison were deliberately indifferent to his serious medical needs. Because he stated cognizable claims against Defendants Lowman, Brewer, Ferra, and Howerton, Plaintiff's Complaint was served on these individuals by Order dated June 21, 2005. (Doc. No. 11). On February 15, 2006, Defendants Brewer, Ferra, and Howerton moved for summary judgment (Doc. No. 26), and the Court granted that motion on September 22, 2006 (Doc. No. 40). Defendant Lowman did not join that Motion, but instead sought dismissal from the action based upon Plaintiff's alleged failure to perfect service. Although the Court declined to dismiss Defendant Lowman on that ground, it indicated that "Defendant Lowman would be entitled to summary judgment on the merits of Plaintiff's deliberate indifference claim were she to join this motion." (Doc. No. 35, p. 1).

Defendant Lowman now moves for summary judgment and incorporates by reference the materials submitted in support of the Brewer, Ferra, and Howerton Motion for Summary Judgment.

As previously summarized by this Court:

> Plaintiff alleges that [Defendants] acted with deliberate indifference to his known medical needs by failing to provide adequate medical care for his chronic illnesses including ailments of the foot, back, and kidneys. . . . Plaintiff contends that [Defendants] failed to conduct an adequate physical examination, failed to conduct appropriate medical tests, and failed to refer him to other health care providers.

(Doc. No. 35, p. 5). However, after evaluating the summary judgment evidence presented by the Brewer, Ferra, and Howerton Motion, which Defendant Lowman now incorporates in support of her own motion, the Court determined that no genuine issue of material fact exists as to Plaintiff's deliberate indifference claims. (Doc. No. 35, pp. 5-6). That determination is equally applicable to Defendant Lowman, as Plaintiff has still produced no evidence demonstrating that Lowman intentionally refused to treat his medical need or otherwise violated his constitutional rights. Accordingly, it is my **RECOMMENDATION** that Defendant Lowman's Unopposed Motion for Summary Judgment (Doc. No. 54) be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

So **REPORTED** and **RECOMMENDED** this  1st  day of May, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE